■ In the Matter of the Claim of JANE VEACH, Respondent, v. COUNTY OF ERIE — DEPARTMENT OF SOCIAL WELFARE, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision and award for disability due to accidental injuries sustained by claimant in the course of her employment as a housekeeper in the home of Louise Swiderski; the award being made against appellant County of Erie, Department of Social Welfare, the alleged employer, upon the finding that Mrs. Swiderski, a recipient of public welfare, was authorized by appellant to act as its agent in employing claimant to care for her and her home, with the result of creating an employer-employee relationship between the County Welfare Department and the claimant. The sole issue is that of employment status. Mrs. Swiderski, upon being discharged from a hospital, informed her case worker that her physician said that she would have to have assistance in her household. The case worker testified that, being satisfied that Mrs. Swiderski " was eligible for housekeeping services * * * [he] issued housekeeping services to Mrs. Swiderski under her name." Continuing, he said : " I can only issue money under the payee's name, which was Louise Swiderski; I can't send it to anyone else. All the money which I authorize to go out goes under her name." Mrs. Swiderski testified that shortly after her talk with the case worker he told her it was " all right " for her to hire a housekeeper, that she had her brother call the State employment service " and then they sent this woman out to me and then I hired her and the Welfare paid for it." The amount of claimant's wages was included in Mrs. Swiderski's budget and was paid to her and she, in turn, paid claimant. Although there is discussion indicating several payments by Mrs. Swiderski to claimant, this is difficult to understand as she worked but eight days, from May 29 until her injury on June 5; and following her hospitalization, according to both the case worker and claimant, a check to Mrs. Swiderski's order was sent to Mrs. Swiderski, who cashed it and paid claimant; although, according to Mrs. Swiderski's testimony, the check was drawn payable to claimant's order and was transmitted to Mrs. Swiderski who accompanied claimant to a grocery store to cash it. In the lead or principal memorandum decision upon the full board review eventually had, it was stated, among other things, that " Mrs. Swiderski * * * was directed by the case worker * * * to telephone the New York State Employment

Service and employ a domestic ʼ * * [that] Mrs. Swiderski carried out this direction and [claimant] was selected, at a wage fixed by the social worker ". We find no evidence whatsoever predicative of any of these several findings (except, of course, that to the effect that claimant was selected) and respondent's brief does not attempt to support them. We attach no significance to the board's additional and conclusory statement that inclusion of the cost of housekeeping services in the budgeted payments to Mrs. Swiderski resulted in the Welfare Department's " paying [claimant's] wages ". We find no substantial evidence relevant to any of the recognized tests and factors whereby an employer-employee relationship may be established; and, indeed, respondent's brief suggests, as a test, merely that the county could discharge claimant by withholding relief funds from Mrs. Swiderski; but the mere fact that respondent must proceed in such a roundabout fashion to assert control serves to demonstrate the absence of the direct and immediate control contemplated by the authorities as affording some evidence of employment status. Surely the right to fire is something more than the ability to starve a worker out. Equally oblique is the contention that the Welfare Department was the payor of wages because it was the source of Mrs. Swiderski's funds. Surely it would not seriously be urged, if Mrs. Swiderski's welfare budget included an allowance for her rent, that the Welfare Department would become the tenant of the house in which she lived and would assume a tenant's relationship and liabilities to the landlord and to others, including the public. Although we find no New York authority bearing on the employment issue before us, an award was denied in a Minnesota case closely in point with this. (See *Huber* v. *Hennepin County Welfare Bd.*, 249 Minn. 561.) Equally tenuous and, indeed, unsupported by any evidence is the board's theory that the Welfare Department constituted Mrs. Swiderski the county's agent to employ claimant to care for Mrs. Swiderski; and we will not assume so strange a delegation of governmental authority. It may properly be assumed, however, that the county was not engaged in the business of rendering housekeeping services and that, if it had been, it would not have selected employment agents in this fashion. Finally, it would not, we believe, be urged that either Mrs. Swiderski's acts as the supposed agent of the county, or those of claimant as its supposed employee, would have rendered the county liable to third persons in tort or in contract, or otherwise except as the board would award compensation in this unfortunate and regrettable, but nonetheless unwarranted, compensation case. Decision reversed and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur with Gibson, P. J.